COX et al. v. COLLOM. (No. 2185.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 4, 1919.)

1. SALES ⟸234(5) — RIGHT OF BONA FIDE PURCHASER FROM FRAUDULENT BUYER.

If owner of mare perpetrated fraud on owner of a mule in exchanging the animals, so that owner of mule might have demanded rescission and return, if a third person purchased the mule from the owner of the mare for value and without notice, the owner of the mule was deprived of right of rescission, and remedy, if any, was for damages against fraudulent owner of mare; the contract, at most, being voidable for fraud by owner of mule.

2. SALES ⟸244(1)—BURDEN TO PROVE NOTICE OF FRAUD BY BUYER AS AGAINST SUBSEQUENT PURCHASER.

One who depends on the equitable right to rescind a contract of sale for the buyer's fraud has the burden to prove that a subsequent purchaser, resisting the action, took the property with notice of the fraud.

3. SEQUESTRATION ⟸20 — NO JUDGMENT ON REPLEVIN BOND SIGNED BY FRAUDULENT BUYER FROM PLAINTIFF ON DENIAL OF JUDGMENT AGAINST BONA FIDE PURCHASER.

Plaintiff in sequestration, who exchanged his mule for the mare of a defendant claimed to have acted fraudulently, not being entitled to return of his mule as against a subsequent purchaser in possession without notice of the fraud, recovery will not be awarded to him, on the replevin bond signed by the fraudulent owner of the mare.

Appeal from Bowie County Court; J. B. Lytal, Judge.

Suit by S. A. Collom against H. W. Cox and another. From judgment for plaintiff, defendants appeal. Reversed, and judgment rendered for defendants.

Mahaffey, Keeney & Dalby, of Texarkana, for appellants.
Sid Crumpton, of Texarkana, for appellee.

HODGES, J. [1, 2] This suit originated in the justice court. At the time the transaction occurred out of which this controversy arose, the appellee, S. A. Collom, was the owner of a mule. He traded it to the appellant H. W. Cox for a mare owned by the latter. It was claimed by Collom that Cox represented the mare to be sound; that she afterwards proved to be unsound and worthless. He brought this suit against Cox and W. C. Shipp, a subsequent purchaser, to recover possession of the mule, upon the ground that Cox had secured the exchange of the property by fraudulent representations. The facts show that very soon after the trade between Cox and Collom had been made Cox sold the mule to J. R. Shipp, a neighbor, in payment of a pre-existing debt due from Cox to Shipp;

that on the same day, or very soon thereafter, J. R. Shipp sold the mule to his brother, W. C. Shipp, one of the appellants here, in consideration of the latter's negotiable promissory note secured by a mortgage on the mule. The trial below resulted in a judgment in favor of Collom for the recovery of the mule. The judgment provided that in the event the mule was not delivered within a designated time the appellee should have judgment against the sureties on the replevin bond for its value, amounting to $125. It was claimed by the appellant W. C. Shipp that he was an innocent purchaser for value, and therefore could not be held responsible for any fraud perpetrated by Cox in his trade with Collom, and hence there could be no rescission of the contract which would disturb his possession of the mule. We are of the opinion that this contention should have been sustained in the trial court. Assuming that the evidence was sufficient to show that Cox had perpetrated a fraud upon Collom in exchanging the mare for the mule, and that as between them Collom might have demanded a rescission of the contract and return of his mule if W. C. Shipp purchased for value and without notice of the fraud, that fact deprived Collom of his right of rescission, and his remedy, if any, would be one for damages against Cox. This contract, at most, was voidable by Collom on the ground of fraud. Cox took the legal title to the animal he received from Collom, and passed that title to subsequent purchasers. It is well settled, we think, that one who depends upon an equitable right to rescind on the ground of fraud has the burden of proving that a subsequent purchaser resisting the action took the property with notice of the fraud. Black on Rescission and Cancellation, § 641; Pelham v. Chattahoochee Grocery Co., 146 Ala. 216, 41 South. 12, 8 L. R. A. (N. S.) 448, 119 Am. St. Rep. 19; Snydor v. Roberts, 13 Tex. 619, 65 Am. Dec. 84. In the Alabama case the court said:

"If the defendant successfully carries the burden as above indicated then the onus shifts to the plaintiff to prove to the reasonable satisfaction of the jury that the defendant, a subpurchaser, had notice of the fraud when he purchased, or before he paid the purchase money or parted with the consideration, or had knowledge of facts putting him on inquiry which, if diligently prosecuted, would have brought him to a knowledge of the plaintiff's claim."

In Snydor v. Roberts the court used this language:

"It will be seen by reference to the authorities there cited that it is the settled American doctrine that a bona fide purchaser for a valuable consideration will be protected whether he purchased from a fraudulent grantor or a fraudulent grantee, though the statute declares the fraudulent conveyance utterly void. * * *

---

⟸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The sale may have been fraudulent and voidable as to the defendants in execution; but it was binding upon the purchaser, and therefore it was not a nullity. It vested the title. until avoided by those who had the right to avoid it, in the vendee. His conveyance passed the title; and the bona fide purchasers without notice cannot be affected by the alleged fraud in his purchase."

[3] The burden being upon Collom to show that W. C. Shipp purchased with notice of the fraud perpetrated by Cox, and there being no evidence of that fact, the court should have instructed a verdict for the appellants. It is contended by counsel for the appellee that, even if the case should be reversed as to W. C. Shipp upon the ground that the evidence was not sufficient to sustain the finding of the jury against him, the judgment against Cox and the sureties on his replevin bond should be affirmed. Under the pleadings, the affidavit for sequestration, and the undisputed facts, it is difficult to understand why Cox ever signed the replevin bond as a principal. Evidently it was done through ignorance on his part of the legal requirements necessary for Shipp, his codefendant, to regain possession of the mule after it had been seized under the writ of sequestration. The bond was conditioned for the return of the mule in the event the plaintiff secured a judgment for its recovery. If, as we have concluded, Collom is not entitled to such a judgment, it would be inconsistent to award him a recovery on the bond. In view of the fact that this litigation has been pending for several years, during which there have been several trials in the lower courts, we feel it should be terminated.

The judgment of the trial court will therefore be reversed and judgment here rendered for the appellants; this, however, if without prejudice to the right of the appellee to prosecute a suit against Cox for damages.